This military pay case comes before the court on the parties’ cross-motions for summary judgment. By this action, plaintiff seeks correction of her ward’s military records to show retirement from the United States Navy with total disability and back disability benefits to the date of retirement. Plaintiff contends that the decision of the Board for the Correction of Naval Records (BCNR) denying this relief was arbitrary, capricious, and an abuse of administrative discretion. The government replies that the BCNR acted properly in denying the benefits on the ground that disability was not incurred during or aggravated by service. We agree with defendant’s position and affirm the BCNR decision.
Plaintiff is the mother and conservator of Theophilus A. Hearns, who enlisted in the Navy’s "2x6” program in April *725 of. 1972. As specified in the enlistment agreement, Hearns entered active duty for training purposes on May 3, 1972. Having successfully completed his training, he was given a physical examination and released to inactive duty training, in effect a 15-day leave period, on July 13, 1972. On July 29, 1972, Hearns converted to non-pay Ready Reserve status awaiting appointment to active duty. Before that appointment occurred, however, Hearns suffered a psychotic attack at his mother’s home on August 12, 1972, diagnosed as paranoid schizophrenia, and was honorably discharged from the Navy on October 4,1972.
On September 12, 1978, Hearns applied to the BCNR seeking medical retirement from the Navy with full disability benefits. The BCNR receive advisory opinions from the Central Physical Evaluation Board and the Judge Advocate General that disability benefits were not warranted since the disability was not incurred while Hearns was entitled to basic pay. A Physical Evaluation Board (PEB) was also convened to conduct a disability hearing and found that Hearns was fit for duty when released from active duty and that his condition did not result from active duty service. Consequently, on June 4, 1980, the BCNR denied Hearns’ request for relief. Plaintiff then filed suit in this court seeking review of the BCNR decision.
The statute governing payment of military retirement benefits specifies that the serviceman be found "unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay. ...” (Emphasis added.) 10 U.S.C. § 1201 (1976 & Supp. IV 1980). The BCNR found that Hearns’ disability arose during the period after his release from active duty when he was in Ready Reserve status and not entitled to basic pay. Plaintiff contends that the disability arose as a result of Hearns’ active duty service when he actually was entitled to basic pay. However, plaintiff has presented no convincing proof of any kind that the illness arose during the period when Hearns was in basic training and on active duty. Thus we cannot say that the BCNR erred in its determination that Hearns’ disability occurred while he was in non-pay status.
*726 Plaintiff also asserts that Hearns was not afforded a "full and fair” disability hearing by the PEB in 1978 because the hearing was held subsequent to discharge and was allegedly limited to the issues of Hearns’ physical condition at the time of his release from active duty and at the time of his discharge. The governing statute provides that "[n]o member of the armed forces may be retired or separated for physical disability without a full and fair hearing if he demands it.” 10 U.S.C. § 1214 (1976). As to plaintiffs first contention, there is no evidence that Hearns made any demand for a hearing prior to his application to the BCNR in 1978. As to her second contention, plaintiff has presented no evidence, and there are no facts in the record that indicate, that the hearing was limited in any way to the two issues noted by plaintiff.
In sum, after thoroughly considering the physical record before the court, we cannot say that the BCNR acted either arbitrarily or capriciously in finding that Hearns’ disability arose while he was in a non-pay status and in denying him disability benefits. See, Sanders v. United States, 219 Ct. Cl. 285, 594 F. 2d 804 (1979). We therefore decline to disturb the BCNR decision.[1]
Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.

 Since we reach this ultimate conclusion, we do not address the issue of ascertaining the measure of plaintiffs recovery as the serviceman’s mother.